UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2021

DELSHAH 60 NINTH, LLC,

                Plaintiff,

-against-

FREE PEOPLE OF PA LLC,

                Defendant.

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

Civil Action No.: 20-CV-5905 (AJN)

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential ("Confidential Information") will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

           a.    The requesting party and counsel, including in-house counsel;

           b.    Employees of such counsel assigned to and necessary to assist in the litigation;

{8371083:2 }

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Before disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      Unless otherwise agreed by the producing party or ordered by a court of competent jurisdiction, all Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Information, shall be filed under seal in accordance with the Federal Rules of Civil Procedure and Rule 4 of Judge Alison J. Nathan's Individual Practices in Civil Cases.

7.      Counsel for any Party or non-Party shall confer in good faith on such procedures as are necessary to protect the confidentiality of Confidential Information used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court.

8.      In the case of depositions, if counsel for a Party or non-Party has a good faith basis that a portion of the testimony should be Confidential Information of such Party or non-Party, such testimony may be designated as appropriate by:

      (a)      Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated; or

      (b)      Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so

{8371083:2}      2

designated, and directing the court reporter to treat the transcript as confidential. Until expiration of the aforesaid seven (7) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential Information unless otherwise agreed on the record at the deposition.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

11. Any Personal Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The Parties agree to adhere to the provisions of this Stipulation and Protective Order upon its execution pending its entry by the Court.

16. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

SO STIPULATED AND AGREED:

| WOODS OVIATT GILMAN, LLP | FAEGRE DRINKER BIDDLE & REATH LLP |
|---|---|
| By: */s/ William F. Savino*<br>William F. Savino<br>*Co-Counsel for Plaintiff*<br>1900 Main Place Tower<br>350 Main Street<br>Buffalo, New York 14202<br>Telephone: (716) 248-3200 | By: */s/ Brian P. Morgan*<br>Brian P. Morgan<br>*Attorneys for Defendant*<br>1177 Avenue of the Americas<br>41st Floor<br>New York, New York 10036<br>Telephone: (212) 248-3140 |
| Dated: February 19, 2021 | Dated: February 19, 2021 |

SO ORDERED.

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
SO ORDERED.

2/22/2021
SO ORDERED.
ALISON J. NATHAN, U.S.D.J.

{8371083:2}  4

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____


Signed in the presence of:


_____

(Attorney)