UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELSHAH 60 NINTH, LLC,

                  Plaintiff,

-v-

FREE PEOPLE OF PA LLC,

                  Defendant.

CIVIL ACTION NO.: 20 Civ. 5905 (AJN) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are Plaintiff Delshah 60 Ninth, LLC's ("Delshah") letter-motion to compel responses to four discovery demands (ECF No. 30) and Defendant Free People of PA LLC's ("Free People") opposition and cross-motion for a protective order to limit the scope of deposition testimony under Rule 30(b)(6). (ECF No. 33). Pursuant to the discovery conference held today, March 29, 2021, the Court summarizes its orders below:

1. **Profit and Loss Information – Plaintiff's Document Request No. 2**;

    a. By **Monday, April 5, 2021,** Defendant shall produce to Plaintiff profit and loss statements covering the period of July 2019 through July 2020.

2. **Communications with Other New York City Landlords – Plaintiff's Document Request No. 4**;

    a. The Court finds that documents and communications sought in Plaintiff's Request No. 4 are not relevant to the claims and defenses in this action, and accordingly DENIES this application without prejudice.

3. **Stop the Checks Internal Communications – Plaintiff's Document Request No. 8**;

   a. Following the Court's in camera review of the July 27, 2020 email from Alyssa Zoller to Jennifer Pasquarello (the "Zoller Email"), the Court directs Defendant to remove the redaction from the second and fourth sentences, and reproduce the Zoller Email with only the third sentence redacted.

4. **Web Sales to NYC Zip Codes – Plaintiff's Document Request No. 10;**

   a. Defendant shall promptly investigate whether it has information (including, but not limited to, documents, financial reports, or communications) concerning curbside sales during June and July 2020 at Free People stores located in Manhattan, and shall inform Plaintiff's counsel of the results of its search and promptly prepare responsive non-privileged documents for production, if any.

5. **Defendant's Cross-Motion to Limit the Scope of Rule 30(b)(6) Deposition Testimony**

   a. **Topic (1)(a)**: In lieu of testimony on this topic, Defendant shall furnish to Plaintiff Free People's current organizational chart.

   b. **Topic (1)(b):** Plaintiff shall narrowly tailor questions to address Store 1846[1] and similarly situated stores.

   c. **Topic (1)(c)**: Alyssa Zoller is expected to cover this Topic.

   d. **Topic (1)(d):** Plaintiff shall limit its questions to Store 1846's performance from July 2019 through the end of July 2020.

---

[1] As defined in the March 24, 2021 Amended Notice of Deposition of Defendant ("Amended Deposition Notice"), Store 1846 "means the Free People Store located at 60 9th Avenue, New York, New York."  (ECF No. 33-1 at 17).

e. **Topics 2(a)–(b), (d), (e), (g), (k):** Plaintiff shall tailor its questions to address these policies, procedures, and practices, with respect to Store 1846, and whether Store 1846 was impacted in a different manner than other Free People retail stores in the New York City area.

f. **Topics 2(h), (l):** Plaintiff shall limit its questions to the persons involved in Free People's decision to suspend and resume operations at Store 1846.

g. **Topic 2(o):** Plaintiff shall limit its questions to staffing decisions generally.

h. **Topic 2(p):** The Court determines that the Topic 2(p) does not seek relevant information and Defendant is not required to prepare a Rule 30(b)(6) witness on this Topic.

i. **Topics 3(a)–(c):** Plaintiff shall limit the scope of its questions to plans concerning Store 1846.

j. **Topics 3(d)–(f):** Plaintiff shall tailor its questions to seek general information concerning the impact of the COVID-19 Pandemic on Free People stores in New York City and on Store 1846.

k. **Topics 3(g)–(h):** Plaintiff shall focus its questions on Free People's process for online order placement and fulfillment at stores in New York City.

l. **Topic 3(i):** Plaintiff shall limit its questions to focus on inventory and storage practices at, and affecting, Store 1846.

m. **Topic 3(k):** Consistent with the Court's order regarding subsections 3(g)–(h), Plaintiff shall focus its questions on online order fulfillment from inventory located at Store 1846.

    n. **Topic 3(l)**: Plaintiff shall focus its questions consistent with the Amended Deposition Notice. (ECF No. 33-1 at 20).

    o. **Topic 4(h):** The parties are to meet and confer to discuss whether any additional questioning on this topic is necessary.

    p. **Topic (6):** Free People's computation of damages will be addressed at other scheduled depositions and through expert testimony.

    q. **Topic (7):** Defendant shall prepare a Rule 30(b)(6) witness to address preservation <u>and</u> collection of evidence.

    r. **Topic (8):** This Topic is deleted in light of the revisions to Topic 7.

6. The fact discovery deadline is EXTENDED until **May 5, 2021**.

7. The parties shall meet and confer concerning: (i) an expert discovery schedule; and (ii) scheduling of a settlement conference. By **Thursday, May 6, 2021**, the parties shall submit a joint letter certifying that fact discovery is complete and proposing an expert discovery schedule.

The Clerk of Court is respectfully directed to close ECF No. 30.

Dated:    New York, New York
             March 29, 2021

                                    SO ORDERED

_Sarah Cave_ (signature)
**SARAH L. CAVE**
**United States Magistrate Judge**