UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DELSHAH 60 NINTH, LLC,                                                  :
                                                                        :
                        Plaintiff,                                      :
                                                                        :        20-CV-5905 (JMF)
        -v-                                                             :
                                                                        :        MEMORANDUM OPINION
FREE PEOPLE OF PA LLC,                                                  :        AND ORDER
                                                                        :
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

　　　　This case, familiarity with which is presumed, is between a landlord and commercial tenant concerning unpaid rent from the first few months of the COVID-19 pandemic. Plaintiff Delshah 60 Ninth, LLC ("Delshah") and Defendant Free People of PA, LLC ("Free People") each moved for summary judgment, *see* ECF Nos. 67, 72, and, on August 17, 2022, the Court adopted Magistrate Judge Sarah L. Cave's Report and Recommendation in substantial part and thus granted Delshah's motion for summary judgment. *See* ECF No. 119. The Court re-referred the matter to Magistrate Judge Cave for an inquest on damages and, on November 1, 2024, adopted Magistrate Judge Cave's Report and Recommendation on that front in its entirety. *See* ECF No. 199. In that same Order, the Court directed Delshah to confer with Free People and file a proposed judgment consistent with the Order. *See id.* at 12. The parties could not reach agreement, however, and have now submitted supplemental filings, *see* ECF Nos. 207 ("Pl.'s Mem."), 209 ("Def.'s Mem."), addressing three areas of disagreement: (1) whether Delshah is entitled to both contractual and statutory interest under Sections 22(d)(i) and 22(d)(ii) of the Lease; (2) whether prejudgment interest should be charged on re-leasing expenses under Section 22(d)(iv); and (3) how to calculate the late fee and prejudgment interest on unpaid rent under

Section 22(d)(i).  The Court will address each issue in turn.

## APPLICATION OF THE "DEFAULT RATE"

To begin, the Court rejects Delshah's argument — raised for the first time in its supplemental memorandum — that it is entitled to both contractual and statutory interest at a 9% rate under Sections 22(d)(i) and 22(d)(ii) of the Lease.  These provisions entitle Delshah to the "worth at the time of award" of certain costs associated with unpaid rent.  ECF No. 75-1 ("Lease") §§ 22(d)(i), (ii).  The Lease specifies that, "[a]s used in subsections (i) and (ii) . . . , the 'worth at the time of award' shall be computed by allowing interest at the Default Rate."  *Id.* § 22(d)(v).  Earlier in this litigation, Delshah took the position that "[t]he 'Default Rate' of interest, which was not defined in the Lease, refers to the rate of 9% per annum *simple interest* as set forth in CPLR 5004."  ECF No. 135, at 7 (emphasis added).  That view — which was shared by Free People and, more importantly, Magistrate Judge Cave — was "consistent with the approach taken by New York courts, [which] apply New York's statutory prejudgment interest rate as the default rate where the contract . . . does not specify a particular rate."  Def.'s Mem. 9 n.7 (citing *Ruradan Corp. v. City of New York*, No. 22-CV-3074 (LJL), 2024 WL 2882185, at *13 (S.D.N.Y. June 6, 2024)).  Reversing course, however, Delshah now asserts that the "Default Rate" is "contractual" interest separate and apart from statutory interest.  Pl.'s Mem. 2.

That assertion is a new argument that could and should have been raised before Magistrate Judge Cave in the first instance and, thus, the Court will not entertain it now.  *See, e.g.*, *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.").  Granted, "New York law provides that a prevailing party is entitled to preverdict interest as a

2

matter of right on most types of claims, including contract claims," *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 603 (2d Cir. 2003) (internal quotation marks omitted), and, thus, New York "courts have held that a plaintiff's failure to pursue his request for prejudgment interest during the trial or even to demand such interest in his complaint does not amount to a waiver of his right to interest," *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694 (2d Cir. 1983) (collecting cases). But this waiver rule does not apply here, as there is no dispute that Delshah is entitled to statutory prejudgment interest under Sections 22(d)(i) and (ii). Instead, the question here is whether Delshah is entitled to more — namely, compound interest — "as of matter of right." *New England Ins.*, 352 F.3d at 603. It is not. Indeed, "[n]otwithstanding the mandatory language of [New York's] statute, some New York courts appear to have forged an exception to mandatory prejudgment interest to prevent windfalls in favor of plaintiffs" and "double recovery." *E.J. Brooks Co. v. Cambridge Security Seals*, 858 F.3d 744, 751 (2d Cir. 2017) (collecting cases). Accordingly, the Court concludes that Delshah forfeited any entitlement to more than statutory prejudgment interest. *See* Def.'s Mem. 18-20.

## SECTION 22(d)(iv) CALCULATION

Delshah argues next — again for the first time — that prejudgment interest should also be charged on re-leasing expenses under Section 22(d)(iv) of the Lease. *See* Pl.'s Mem. 8-9. Although a closer call, the Court concludes that Delshah has the better of the argument on this issue. As an initial matter, unlike Delshah's claim for compound interest under Sections 22(d)(i) and (ii), the Court finds that Delshah's request for prejudgment interest under Section 22(d)(iv) is not waived due to delay because, as discussed, a plaintiff is generally entitled to prejudgment interest under New York law "as a matter of right." *New England Ins.*, 352 F.3d at 603. Instead, the central issue here is whether the terms of the Lease waive Delshah's statutory right to

3

prejudgment interest. They do not. True, "[s]tatutory pre-award interest is not required or available . . . where the parties' contract is sufficiently clear that statutory interest was not contemplated by the parties at the time the contract was formed." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 178 (2d Cir. 2022) (internal quotation marks omitted). Significantly, however, "[a]lthough parties may contract around the requirement, courts apply a clear-statement rule for contracts purporting to waive that mandatory requirement." *Id.* at 170; *see also Katzman v. Helen of Troy Texas Corp.*, No. 12-CV-4220 (PAE), 2013 WL 1496952, at *6 (S.D.N.Y. Apr. 11, 2013) (explaining that, under New York law, "parties may contract around [a party's right to statutory prejudgment interest], but to be valid, a party's waiver thereof must be clear and express").

In this case, the contract at issue provides no such clear statement. At best, Free People asserts waiver through silence. It points out that, unlike Sections 22(d)(i) and (ii) of the Lease, Section 22(d)(iv) does not refer to the "worth at the time of award." *See* Def.'s Mem. 17; Lease § 22(d)(i). But on its own, this "lack of an interest . . . component" in Section 22(d)(iv), Def.'s Mem. 18, is not a "sufficiently clear" statement of the parties' intent to waive the right of statutory interest," *ExxonMobil Oil Corp.*, 44 F.4th at 178, as to re-leasing expenses. The Lease does not, for example, include a "sole" or "exclusive" remedy clause that expressly precludes the application of prejudgment interest to re-leasing expenses. *See, e.g., J. D'Addario & Co., Inc. v. Embassy Indus., Inc.*, 980 N.E.2d 940, 943 (N.Y. 2012) (holding that a contract specifying that liquidated damages was the "sole remedy" and "sole obligation," and that each party had "no further rights" beyond bank interest, was "sufficiently clear" to waive statutory interest); *IHG Harlem I LLC v. 406 Manhattan LLC*, 203 N.Y.S.3d 543, 546 (N.Y. App. Div. 2024) (suggesting that "anything less" than the factors present in *D'Addorio* would not "provide sufficient clarity to

4

infer a waiver of prejudgment interest"). To the contrary, the Lease includes terms that entitle Delshah, "at [its] election," to "such other amounts in addition to or in lieu of the foregoing as may be permitted from time-to-time by applicable law." Lease § 22(d)(v).

Accordingly, the Court finds that Delshah is entitled to prejudgment statutory interest on re-leasing expenses under Section 22(d)(iv).

## SECTION 22(d)(i) CALCULATION

Finally, the parties disagree about how to calculate default rate interest and the late fee under Section 22(d)(i) of the Lease. Starting with the interest calculation, Delshah argues that the total damages should include "Default Rate interest from June 2, 2020 through November 30, 2024" — i.e., through the date of judgment. Pl.'s Mem. 4. The Court agrees. The plain terms of Section 22(d)(i) entitle Delshah to the "*worth at the time of award* of any unpaid rent . . . ." Lease § 22(d)(i) (emphasis added). Section 40 of the Lease provides further that interest at the Default Rate shall accrue "from the due date through the date of collection." *Id.* § 40; *see also, e.g.*, *Williamsburg Climbing Gym Co. LLC v. Ronit Realty LLC*, No. 20-CV-2073 (FB) (RML), 2023 WL 1072952, at *3 (E.D.N.Y. 2023) (calculating prejudgment interest on unpaid rent through the date of entry of judgment). The prejudgment interest calculation under Section 22(d)(i) should therefore be updated to reflect the interest through the judgment date. By contrast, however, the Court disagrees with Delshah's new objection to Magistrate Judge Cave's late fee calculation. *See* Pl.'s Mem. 5. Although Delshah's argument here is not a model of clarity, it appears to assert that the 2% late fee accrues through the date of judgment on a monthly basis. The Court finds no basis for this claim, for which Delshah provides neither support nor explanation. Accordingly, it is rejected.

## CONCLUSION

Delshah shall confer with Free People and, **no later than December 19, 2024**, file a proposed judgment consistent with this Memorandum Opinion and Order, indicating whether it is agreed-upon or not.

SO ORDERED.

Dated: December 13, 2024
      New York, New York

                                                    JESSE M. FURMAN
                                           United States District Judge