UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
DELSHAH 60 NINTH, LLC,                                :
:
                Plaintiff,            :      20-CV-5905 (JMF)
:
    -v-                                     :      ORDER ADOPTING
:      REPORT AND
FREE PEOPLE OF PA LLC,                           :      RECOMMENDATION
:
                Defendant.           :
:
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       The Court referred Plaintiff Delshah 60 Ninth LLC's motion for attorneys' fees to Magistrate Judge Sarah L. Cave for a Report and Recommendation. *See* ECF No. 199. In a Report and Recommendation filed on July 31, 2025, Magistrate Judge Cave recommended that the motion be granted in part and denied in part and that Delshah be awarded $672,644.08 in attorneys' fees, $18,588.40 in litigation costs, and $96,885.00 in expert costs. *See* ECF No. 239.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 239. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). On August 14, 2025, Defendant Free People of PA LLC filed an "objection" reserving its rights to challenge the award of attorneys' fees should the Second Circuit vacate or reverse this Court's judgment as to liability. ECF No. 240. Free People did not raise any objection on the merits. Accordingly, all rights to object to the Report and Recommendation or to obtain appellate review have been waived. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).[1]

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF No. 225.

SO ORDERED.

Dated: August 19, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Should the Second Circuit rule in a way that affects whether Delshah was properly treated as a prevailing party, it goes without saying that Free People has reserved its rights to challenge the award of fees and costs.